# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **DAVID NORRIS**  ) | |
|      ) | |
|   **Plaintiff,**   ) | |
|      ) | |
| v.    ) | **CIVIL ACTION NUMBER:** |
|      ) | **JURY TRIAL DEMANDED** |
| **FINANCIAL BUSINESS AND**  ) | |
| **CONSUMER SOLUTIONS, INC., f/k/a,**  ) | |
| **FEDERAL BOND AND COLLECTION**  ) | |
| **SERVICE, INC., d/b/a FBCS, INC.**   ) | |
|      ) | |
|   **Defendant.**   ) | |

## COMPLAINT

This is an action brought by the Plaintiff, DAVID NORRIS, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the

Defendant transacted business here, and the Plaintiff resides here.

## STATEMENT OF THE PARTIES

1. Plaintiff, DAVID NORRIS, is over the age of nineteen (19) years and is a resident of the city of Eldridge in Walker County, Alabama. Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act ("FDCPA").

2. Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC (hereinafter "FBCS" or "Defendant") formerly known as Federal Bond & Collection Service, Inc. and doing business as FBCS, Inc. is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Pennsylvania with its principal place of business in Hatboro, Pennsylvania.

3. FBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

4. FBCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.  FBCS is a debt collector as that term is defined by the Fair Debt Collection

      Practices Act at 15 U.S.C. §1692(a)(6).

5.     All events herein occurred in Walker County, Alabama.

## STATEMENT OF FACTS

### *Background*

6.     On or about August 19, 2015, FBCS mailed the debt collection letter attached as "Exhibit A" to this complaint to the Plaintiff for the purpose of collecting an alleged credit car debt incurred for personal family or household purposes.

7.     Exhibit A is a form letter, generated by computer, with the information specific to Plaintiff inserted by computer.

8.     Upon information and belief, Exhibit A is the first letter FBCS sent to the Plaintiff regarding the alleged debt described herein.

9.     Exhibit A contains the following statement: "Outstanding Balance: $23,157.52 (may include interest and fees)."

10.    The above statement contained in Exhibit A fails to clearly disclose the amount of the debt and is misleading and confusing to the unsophisticated consumer.  The letter does not state whether $23,157.52 is the entire debt, including interest and fees, whether the

      debt may be $23,157.52 plus interest and fees, what the interest and fees are, or how they are computed.

11. FBCS's misrepresentation of the character and amount of the alleged debt is material because it obfuscates the true character of the alleged debt. The unsophisticated consumer cannot determine from the letter the correct amount of the debt claimed or what portion of the alleged debt is interest and fees.

12. The addition of extra amounts to a debt without describing what the extra amounts are violates the FDCPA.

13. As of the date of the letter, more than five years had elapsed since the last payment on the account or purchase with the account. As such it was barred by the statute of limitations.

14. Defendant regularly seeks to collect credit card bills.

15. Defendant regularly attempts to collect debts on which the statute of limitations has expired.

16. Defendant regularly sends letters in the form of Exhibit A on debts on which the statute of limitations has expired.

17. Exhibit A offers to settle the debt.

18. Exhibit A implies that the alleged debt is legally enforceable by

offering a settlement and, as such, is misleading.

19. It is Defendant's policy and practice to send letters seeking to collect time-barred debts that do not disclose that the debt is time-barred.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

22. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendant in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

23. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
David Norris
361 Alvis Road
Eldridge, AL 35554

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC
c/o President, Joseph Neary, Jr.
330 S. Warminster Road, Ste. 353
Hatboro, PA 19040